UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SECURA INSURANCE, A MUTUAL COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-00223 |
| | ) |
| IN-PACT, INC., and LUCAS STANFORD, SR. and REBECCA STANFORD, Individually and Legal Guardians of L.S., Jr. | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SECURA Insurance, A Mutual Company, by counsel, for its Complaint for Declaratory Judgment against Defendants, In-Pact, Inc. and Lucas Stanford, Sr. and Rebecca Stanford, Individually and Legal Guardians of L.S., Jr., states:

### I.    INTRODUCTION AND THE PARTIES

1.    This is an action for declaratory judgment, under 28 U.S.C. § 2201, to determine the rights and duties of the parties under two liability insurance policies.

2.    SECURA is a mutual insurance company organized under the laws of Wisconsin with its principal place of business in Appleton, Wisconsin. Mutual insurance companies are treated as corporations under Wisconsin law. *See* W.S.A. §§ 611.01, 611.12. Thus, SECURA is a citizen of Wisconsin.

3.    In-Pact, Inc. is a corporation organized under the laws of Indiana with its principal place of business in Crown Point, Indiana. Thus, In-Pact, Inc. is a citizen of Indiana.

4.    Lucas Stanford, Sr. is a natural person and citizen of Indiana.

5.    Rebecca Stanford is a natural person and citizen of Indiana.

6.     L.S., Jr. is a natural person and citizen of Indiana.

## II.     JURISDICTION

7.     Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this case because SECURA is a citizen of a state different from In-Pact, Inc. and the Stanfords, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.     VENUE

8.     Under 28 U.S.C. § 1391(b)(3), venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this judicial district.

## IV.     FACTS

**A.  The Suit**

9.     On June 27, 2022, Lucas Stanford, Sr. and Rebecca Stanford, Individually and Legal Guardians of L.S., Jr., sued In-Pact, Inc. in the Superior Court of Lake County, Indiana. ("Suit"). A copy of the Stanfords' Complaint is attached in ECF No. 1-1.

10.     In their Complaint, the Stanfords allege that L.S., Jr. is a 21-year-old, non-verbal, highly autistic male who requires assistance with everyday tasks and is dependent on others for fulfilling basic needs, such as dressing, showering, and toileting. (ECF No. 1-1 at 2: Compl. ¶ 5).

11.     The Stanfords' Complaint alleges that L.S., Jr. was a resident of In-Pact, Inc.'s 24-hour group home in Crown Point, Indiana, and that In-Pact, Inc. was entrusted to care for Lucas, Jr. and help him perform everyday tasks. (ECF No. 1-1 at 2: Compl. ¶¶ 6-7).

12.     According to the Stanfords' Complaint, on September 11, 2021, Lucas, Jr. was physically and sexually abused when he encountered, and was left unsupervised with, a resident of In-Pact, Inc.'s group home who had a history of inappropriate touching and sexual assault. (ECF No. 1-1 at 2-3: Compl. ¶¶ 8-11).

13.     In their Complaint, the Stanfords assert claims against In-Pact, Inc. for negligence and negligent infliction of emotional distress, alleging that In-Pact, Inc. negligently failed to implement policies and procedures to prevent L.S., Jr. from being physically and sexually abused, and that In-Pact, Inc.'s negligence caused physical and emotional injuries to L.S., Jr. and his parents. (ECF No. 1-1 at 2-3: Compl. ¶¶ 10-16).

### B.  The Policies

14.     For a time, including November 15, 2014, to November 15, 2020, SECURA issued a Commercial Protection Policy to In-Pact, Inc. under policy number CP 3230103 (the "Commercial Policy"). The Commercial Policy is attached in ECF No. 1-2.

15.     For a time, including November 15, 2014, to November 15, 2020, SECURA issued a Commercial Umbrella Policy to In-Pact, Inc. under policy number CU 3230105 (the "Umbrella Policy"). The Umbrella Policy is attached in ECF No. 1-3.

### V.    COUNT I: DECLARATORY JUDGMENT UNDER COMMERCIAL POLICY

16.     SECURA repeats the allegations in paragraphs 1 through 15.

### A.  Commercial General Liability Coverage

17.     Coverage A in the Commercial General Liability Coverage Form of the Commercial Policy states that SECURA will defend and indemnify In-Pact, Inc. in any lawsuit seeking damages for "property damage" or "bodily injury" during the policy period caused by an "occurrence" to which the insurance applies:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**
    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured

against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…
\*\*\*

**b.** This insurance applies to "bodily injury" and "property damage" only if:
\*\*\*
**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

(ECF No. 1-2 at 176: Commercial Policy, CG 00 01 12 07, page 1 of 16).

18.    Coverage B in the Commercial General Liability Coverage Form of the Commercial Policy states that SECURA will defend and indemnify In-Pact, Inc. in any lawsuit seeking damages because of "personal and advertising injury" caused by a covered offense committed during the policy period and arising out of In-Pact, Inc.'s business:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**
  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…
  **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(ECF No. 1-2 at 181: Commercial Policy, CG 00 01 12 07, p. 6 of 16).

19.    The Commercial Policy defines the relevant terms in quotation marks in paragraphs 17 and 18 as follows:

**SECTION V – DEFINITIONS**

\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

4

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(ECF No. 1-2 at 187: Commercial Policy, CG 00 01 12 07, p. 12 of 16).

## GENERAL LIABILITY WRAP

This Endorsement modifies insurance provided under the following:
   COMMERCIAL GENERAL LIABILITY COVERAGE PART
***

## C. PERSONAL AND ADVERTISING INJURY - BROAD FORM

1. SECTION I - COVERAGES; COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; 2. Exclusions; e. Contractual Liability on the COMMERCIAL GENERAL LIABILITY COVERAGE FORM is deleted.
2. The following is added as item h. to SECTION V - DEFINITIONS; 14. "Personal and Advertising Injury" on the COMMERCIAL GENERAL LIABILITY COVERAGE FORM:
   h. Discrimination or humiliation (unless insurance thereof is prohibited by law) that results in injury to the reputation of a natural person, but only if such discrimination or humiliation is:
   (1) Not done intentionally by or at the direction of:
      (a) You; or
      (b) Any of your officers, directors, stockholders, partners, managers, or members.
   (2) Not directly or indirectly related to the employment, prospective employment or termination of employment of any person or persons by any insured.

(ECF No. 1-2 at 206-07: Commercial Policy, CGT 1000, pp. 1-2 of 14).

### J.  BODILY INJURY REDEFINED

SECTION V - DEFINITIONS; 3. "Bodily injury" on the COMMERCIAL GENERAL LIABILITY COVERAGE FORM is deleted and replaced with the following:

**3.** "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including mental anguish, mental injury, shock, fright or death resulting from any of these at any time.

(ECF No. 1-2 at 209: Commercial Policy, CGT 1000, p. 4 of 4).

20.     Coverage A in the Commercial General Liability Coverage Form does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint because there is no allegation that Lucas Stanford, Sr. and Rebecca Stanford sustained any "bodily injury," and the alleged "bodily injury" to L.S., Jr. did not occur during the policy period.

21.     Coverage B in the Commercial General Liability Coverage Form does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint because there is no allegation of "personal and advertising injury," let alone one caused by an offense committed during the policy period.

22.     Had the Stanfords' Complaint alleged "bodily injury" or "personal and advertising injury" during the policy period, the Commercial General Liability Coverage Form would not provide coverage to In-Pact, Inc. because of the following exclusions:

### EXCLUSION – ASSAULT OR BATTERY

This Endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
\*\*\*

### Exclusions

\*\*\*
SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; 2. Exclusions on the Commercial General Liability Coverage Form and the Commercial

Liability Umbrella Coverage Form, COVERAGE C MEDICAL PAYMENTS; 2. Exclusions on the Commercial General Liability Coverage Form and SECTION I – LIQUOR LIABILITY COVERAGE; 2. Exclusions on the Liquor Liability Coverage Form are amended to add:

**Assault or Battery**
We have no duty to defend or indemnify any insured, employee or any other person against any claim or "suit" for "bodily injury", "property damage", "personal injury" and "advertising injury" (or "personal and advertising injury", if defined as such in your policy) or medical expenses, including claims or suits for
"negligence" arising out of or related to any:
(1) Assault;
(2) Battery;
(3) Harmful or offensive contact; or
(4) Threat.
This Exclusion applies regardless of fault or intent. Coverage is also excluded for any injury or damage committed while using reasonable force or acting in self-defense.

**Definitions**
SECTION V – DEFINITIONS is amended to add:
"Negligence" includes but is not limited to claims for negligent:
**a.** Hiring;
**b.** Employment;
**c.** Training;
**d.** Supervision; or
**e.** Retention.

All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

(ECF No. 1-2 at 86: Commercial Policy, SGE 2104, p. 1 of 1).

## ABUSE OR MOLESTATION EXCLUSION

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

    **1.**  The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

  **2.**  The negligent:
    **a.**  Employment;
    **b.**  Investigation;
    **c.**  Supervision;
    **d.**  Reporting to the proper authorities, or failure to so report; or
    **e.**  Retention;

  of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

(ECF No. 1-2 at 197: Commercial Policy, CG 21 46 07 98, p. 1 of 1).

    **B.  Professional Liability Coverage**

    23.    The Professional Liability Coverage Form of the Commercial Policy states that SECURA will defend and indemnify In-Pact, Inc. in any lawsuit seeking "damages" arising out of a wrongful act committed during the policy period and in the course of certain professional services:

**PROFESSIONAL LIABILITY COVERAGE FORM**

This endorsement modifies insurance provided under the following:
    COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**\*\*\***

**Coverages**

    SECTION I – COVERAGES is amended to add:

    **Professional Liability Coverage**

    **1.**  Insuring Agreement
      **a.**  We will pay those sums that the insured becomes legally obligated to pay as "damages" arising out of a "wrongful act" in the course of performing the professional services described in the applicable PROFESSIONAL LIABILITY SCHEDULE for, or on behalf of, your organization to which this insurance applies. We have the right and duty to defend any "suit" seeking those "damages". We may, at our discretion, investigate and settle any "wrongful act", claim or "suit"…
      **b.**  This insurance applies to "damages" only if:

     **(1)** The "damages" result from a "wrongful act" that takes place in the "coverage territory"; and

     **(2)** The "wrongful act" occurs during the policy period.

(ECF No. 1-2 at 218: Commercial Policy, SGE 2010, p. 1 of 6).

    SECTION V – DEFINITIONS is amended to add:

1. "Damages" means a monetary:
   **a.** Judgment;
   **b.** Award; or
   **c.** Settlement.

   But, "damages" shall not include:
      **(1)** Criminal or civil fines or penalties imposed by law;
      **(2)** Taxes;
      **(3)** Matters deemed uninsurable under the law to which this policy shall be construed; or
      **(4)** Sanctions, penalties, punitive or exemplary damages or the multiple portions of any damages award.

**2.** "Wrongful acts" means any negligent act, error or omission in the furnishing or failing to furnish professional services to others in the normal practice within your industry.
   Any or all "wrongful acts" arising from interrelated or a series of acts, errors or omissions shall be:
   **a.** Deemed to be one "wrongful act" taking place at the time of the earliest "wrongful act"; and
   **b.** Considered to have occurred only during the policy period or during any prior or subsequent policy period in which the earliest of the interrelated errors or omissions, or the earliest of a series of similar or related errors or omissions, occurred. All resulting claims shall be assigned to only one policy (whether issued by us or any other insurer); and if this policy applies; only one Wrongful Act Limit shall apply…

(ECF No. 1-2 at 223: Commercial Policy, SGE 2010, p. 6 of 6).

    24.    The Professional Liability Coverage Form does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint because there is no allegation of "damages" resulting from a "wrongful act" during the policy period.

25.     Had the Stanfords' Complaint alleged "damages" resulting from a "wrongful act"
during the policy period, the Professional Liability Coverage Form would not provide coverage to
In-Pact, Inc. because of the following exclusions:

**2. Exclusions**

**a.** Any Exclusion to "bodily injury", "property damage", or "personal and advertising injury" in the COMMERCIAL GENERAL LIABILITY COVERAGE FORM; except any professional services Exclusion within this policy, shall also apply to "wrongful acts" in the course of performing the professional services described in the applicable PROFESSIONAL LIABILITY SCHEDULE under Covered Professions.

(ECF No. 1-2 at 218: Commercial Policy, SGE 2010, p. 1 of 6).

**PROFESSIONAL LIABILITY SCHEDULE – HUMAN SERVICES**

This Endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

PROFESSIONAL LIABILITY COVERAGE FORM

\*\*\*

**Additional Human Services Exclusions**

The following are added to PROFESSIONAL LIABILITY COVERAGE EXCLUSIONS:

This insurance does not apply to liability:
\*\*\*
d.   Arising out of:
   **(1)** The actual or threatened physical or sexual abuse or molestation by anyone of any person while that person is in the care, custody or control of any insured regardless whether the abuse or molestation was specifically intended or resulted from negligent conduct;
   **(2)** The negligent:
      **(a)** Employment;
      **(b)** Investigation;
      **(c)** Supervision;
      **(d)** Reporting to the proper authorities, or failure to so report; or
      **(e)** Retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (1) above; or
   (3) The negligent failure to provide professional services in connection with or to neglect therapeutic needs of a client, patient, or other

person because of the conduct which would be excluded by paragraph (1) above.

(ECF No. 1-2 at 215: Commercial Policy, SGE 2001, p. 1 of 3).

### C. Abuse and Molestation Coverage

26.    The Abuse and Molestation Coverage in the Commercial Policy states that SECURA will defend and indemnify In-Pact, Inc. in any lawsuit seeking damages because of "physical abuse," "mental injury," or "sexual molestation" to any person in its care, but only if the first incident of "physical abuse," "mental injury," or "sexual molestation" occurs during the policy period:

### ABUSE AND MOLESTATION COVERAGE

This Endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
**\*\*\***

**Exclusion**

SECTION I – COVERAGE; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2 Exclusions and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; 2 Exclusions is amended to add the following:

**Abuse and Molestation**
This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
1. The actual or threatened "physical abuse", "mental injury" or "sexual molestation" by anyone of any person while in the care, custody or control of any insured, or
2. The negligent:
   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting to the proper authorities, or failure to so report; or
   e. Retention;
   of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1. above.

(ECF No. 1-2 at 224: Commercial Policy, SGE 2015, p. 1 of 2).

**Abuse and Molestation Coverage**
**A. Coverage**
    1. Insuring Agreement
    The Exclusion above, or any similar Exclusion within the policy, is amended as follows:

    We will pay those sums the insured becomes legally obligated to pay as damages because of "physical abuse", "mental injury" or "sexual molestation" to any person while in the care, custody or control of any insured. For the purpose of this endorsement coverage includes but is not limited to claims arising out of the negligent:
    a. Employment;
    b. Investigation;
    c. Supervision;
    d. Reporting to the proper authorities, or failure to so report; or
    e. Retention;

    of any person for whom the insured is legally responsible.

(ECF No. 1-2 at 224-25:, SGE 2015, p. 1 of 2).

**B. Limits of Insurance**
    ***
    1. Multiple incidents of "physical abuse", "mental injury" or "sexual molestation" to one person shall be deemed to be one incident and shall be subject to the limits in effect at the time of the first incident. This insurance applies only if the first incident of "physical abuse", "mental injury" or "sexual molestation" occurs during the policy period.
***
**D. Duty to Defend**
    OUR RIGHT AND DUTY TO DEFEND END AFTER WE HAVE PAID, OR OFFERED TO PAY, AN AMOUNT EQUAL TO THE LIMIT OF OUR LIABILITY. We have no duty to defend any "suit" or settle any claim for damages not covered by this Endorsement.

**E. Definitions**
    **1.** "Sexual molestation" means any actual or alleged act, touching, or caressing or suggestion thereof which could be considered sexual and/or inappropriate.
    **2.** "Mental injury" means mental anguish, emotional distress or humiliation.
    **3.** "Physical abuse" means any actual or alleged physical mistreatment, the improper or excessive touching, handling or treatment of a person including excessive force and abusive language.

(ECF No. 1-2 at 225:, SGE 2015, p. 2 of 2).

27.     The Abuse and Molestation Coverage in the Commercial Policy does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint because the alleged "sexual molestation," "mental injury," and "physical abuse" to L.S., Jr. did not occur during the policy period.

For these reasons above, SECURA, by counsel, asks this Court to enter a declaratory judgment for SECURA and against In-Pact, Inc. and the Stanfords, declaring that the Commercial Policy does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint, that SECURA is not obligated to provide In-Pact, Inc. with a defense in the Stanfords' lawsuit, and that SECURA is not obligated to indemnify In-Pact, Inc. for any expenses, settlements, judgments, or costs related to the Stanfords' lawsuit.

LEWIS WAGNER, LLP

BY:     /s/ *Michael R. Giordano*
        MICHAEL R. GIORDANO, #31317-53
        EDMUND L. ABEL, #36293-49
        *Counsel for Plaintiff, SECURA Insurance, A*
        *Mutual Company*

## VI.    COUNT II: DECLARATORY JUDGMENT UNDER UMBRELLA POLICY

28.     SECURA repeats the allegations in paragraphs 1 through 27.

### A.  Commercial Umbrella Liability Coverage

29.     Coverage A in the Commercial Umbrella Liability Coverage Form of the Umbrella Policy states that SECURA will defend and indemnify In-Pact, Inc. in certain lawsuits seeking damages because of "property damage" or "bodily injury" during the policy period caused by an "occurrence" to which the insurance applies:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

   ***
   c. This insurance applies to "bodily injury" and "property damage" only if:
      ***
      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

(ECF No. 1-3 at 10: Umbrella Policy, CU 00 01 04 13, p. 1 of 18).

30.     Coverage B in the Commercial Umbrella Liability Coverage Form of the Umbrella Policy states that SECURA will defend and indemnify In-Pact, Inc. in certain lawsuits seeking damages because of "personal and advertising injury" caused by a covered offense committed during the policy period and arising out of In-Pact, Inc.'s business:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**
   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury " to which this insurance applies. We have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance

14

may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…

\*\*\*

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(ECF No. 1-3 at 15: Umbrella Policy, CU 00 01 04 13, p. 6 of 18).

31.    The Umbrella Policy defines the relevant terms in quotation marks in paragraphs

29 and 30 as follows:

**SECTION V – DEFINITIONS**

**3.**    "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

\*\*\*

**6.**    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

(ECF No. 1-3 at 24: Umbrella Policy, CU 00 01 04 13, p. 15 of 18).

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**    False arrest, detention or imprisonment;

**b.**    Malicious prosecution;

**c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**    The use of another's advertising idea in your "advertisement"; or

**g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(ECF No. 1-3 at 24: Umbrella Policy, CU 00 01 04 13, p. 16 of 18).

**COMMERCIAL UMBRELLA LIABILITY AMENDATORY**

**\*\*\***

**E.  SECTION V – DEFINITION CHANGES**

The following is added to the "personal and advertising injury" definition:

    h.  Discrimination or humiliation (unless insurance thereof is prohibited by law) that results in injury to the reputation of a natural person, but only if such discrimination or humiliation is:

        (1) Not done intentionally by or at the direction of:

           (a) You; or

           (b) Any of your officers, directors, shareholders, partners, managers, or members.

        (2) Not directly or indirectly related to the employment, prospective employment or termination of employment by any person or persons by any insured.

    This Definition change does not apply unless coverage is provided by "underlying insurance". Coverage provided by this endorsement will not be broader than such "underlying insurance".

(ECF No. 1-3 at 54: Umbrella Policy, CUE 1500, p. 4 of 4).

32.    Coverage A in the Commercial Umbrella Liability Coverage Form does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint because there is no allegation that Lucas Stanford, Sr. and Rebecca Stanford sustained any "bodily injury," and the alleged "bodily injury" to L.S., Jr. did not occur during the policy period.

33.    Coverage B in the Commercial Umbrella Liability Coverage Form does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint because there is no allegation of "personal and advertising injury," let alone one caused by an offense committed during the policy period.

34.    Had the Stanfords' Complaint alleged "bodily injury" or "personal and advertising injury" during the policy period, the Commercial Umbrella Liability Coverage Form would provide no coverage to In-Pact, Inc. because of the following exclusions:

## ABUSE OR MOLESTATION EXCLUSION

This endorsement modifies insurance provided under the following:
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

***

The following exclusion is added to Paragraph **2. , Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. , Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1.  The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2.  The negligent:
    a.  Employment;
    b.  Investigation;
    c.  Supervision;
    d.  Reporting to the proper authorities, or failure to so report; or
    e.  Retention;
        of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

(ECF No. 1-3 at 31: Umbrella Policy, CU 21 12 09 00, p. 1 of 1).

## EXCLUSION – ASSAULT OR BATTERY

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

***

**Exclusions**

SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; 2. Exclusions on the Commercial General Liability Coverage Form and the Commercial Liability Umbrella Coverage Form, COVERAGE C MEDICAL PAYMENTS; 2. Exclusions on the Commercial General Liability Coverage Form and SECTION I – LIQUOR LIABILITY COVERAGE; 2. Exclusions on the Liquor Liability Coverage Form are amended to add:

**Assault or Battery**

We have no duty to defend or indemnify any insured, employee or any other person against any claim or "suit" for "bodily injury", "property damage", "personal

17

injury" and "advertising injury" (or "personal and advertising injury", if defined as such in your policy) or medical expenses, including claims or suits for "negligence" arising out of or related to any:

**(1)** Assault;

**(2)** Battery;

**(3)** Harmful or offensive contact; or

**(4)** Threat.

This Exclusion applies regardless of fault or intent. Coverage is also excluded for any injury or damage committed while using reasonable force or acting in self-defense.

**Definitions**

SECTION V – DEFINITIONS is amended to add:

"Negligence" includes but is not limited to claims for negligent:

**a.** Hiring;

**b.** Employment;

**c.** Training;

**d.** Supervision; or

**e.** Retention.

(ECF No. 1-3 at 69: Umbrella Policy, SGE 2104, p. 1 of 1).

**B.  Abuse and Molestation Coverage**

35.    The Abuse and Molestation Coverage in the Umbrella Policy states that SECURA will defend and indemnify In-Pact, Inc. in any lawsuit seeking damages because   of "physical abuse," "mental injury," or "sexual molestation" to any person in its care, but only if the first incident of "physical abuse," "mental injury," or "sexual molestation" occurs during the policy period:

**ABUSE AND MOLESTATION COVERAGE**

This Endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

**\*\*\***

**A.  Abuse and Molestation Coverage**

1.  Insuring Agreement

SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, paragraph 1. Insuring Agreement; and

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, paragraph 1. Insuring Agreement are modified by adding:

> This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" damages because of "physical abuse", "mental injury" or "sexual molestation" to any person while in the care, custody or control of any insured only to the extent that valid "underlying insurance" for such liability exists or would have existed but for the exhaustion of underlying limits. Coverage provided will follow the provisions and exclusions of the applicable "underlying insurance" unless otherwise directed by this insurance.

2. Exclusions

SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, paragraph 2. Exclusions; and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, paragraph 2. Exclusions are modified by adding:

This insurance does not apply to

**(1)** any person who:
**(a)** committed or attempted to commit;
**(b)** participated in;
**(c)** directed;
**(d)** knowingly allowed; or
**(e)** failed to take action to prevent recurrence after having knowledge of;

any act of "physical abuse", "mental injury" or "sexual molestation". We will defend any insured accused of such conduct until our investigation determines that the accusation is correct.

**(2)** any sum awarded for punitive damages, exemplary damages, multiplied damages, fines or penalties arising out of any "physical abuse", "mental injury" or "sexual molestation".

(ECF No. 1-3 at 76: Umbrella Policy, SUE 2015, p. 1 of 2).

**B.** Limits of Insurance
The Abuse and Molestation Coverage is subject to the following:
SECTION III – LIMITS OF INSURANCE is modified by adding:
***
4. Multiple incidents of "physical abuse", "mental injury" or "sexual molestation" to one person shall be deemed to be one "occurrence" or offense and shall be subject to the limits in effect at the time of the first incident. This insurance applies only if the first incident of "physical abuse", "mental injury" or "sexual molestation" occurs during the policy period.

***

**D. Duty to Defend**

OUR RIGHT AND DUTY TO DEFEND END AFTER WE HAVE PAID, OR OFFERED TO PAY, AN AMOUNT EQUAL TO THE LIMIT OF OUR LIABILITY. We have no duty to defend any "suit" or settle any claim for damages not covered by this Endorsement.

**E. Definitions**

SECTION V – DEFINITIONS is amended by adding:

1. "Sexual molestation" means any actual or alleged act, touching, or caressing or suggestion thereof which could be considered sexual and/or inappropriate.
2. "Mental injury" means mental anguish, emotional distress or humiliation.
3. "Physical abuse" means any actual or alleged physical mistreatment, the improper or excessive touching, handling or treatment of a person including excessive force and abusive language.

All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

(ECF No. 1-3 at 77: Umbrella Policy, SUE 2015, p. 2 of 2).

36.     The Abuse and Molestation Coverage in the Umbrella Policy does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint because the alleged "sexual molestation," "mental injury," and "physical abuse" to L.S., Jr. did not occur during the policy period.

For these reasons above, SECURA, by counsel, asks this Court to enter a declaratory judgment for SECURA and against In-Pact, Inc. and the Stanfords, declaring that the Umbrella Policy does not provide In-Pact, Inc. with liability coverage against the Stanfords' Complaint, that SECURA is not obligated to provide In-Pact, Inc. with a defense in the Stanfords' lawsuit, and that SECURA is not obligated to indemnify In-Pact, Inc. for any expenses, settlements, judgments, or costs related to the Stanfords' lawsuit.

LEWIS WAGNER, LLP

BY:    /s/ *Michael R. Giordano*
        MICHAEL R. GIORDANO, #31317-53
        EDMUND L. ABEL, #36293-49
        1411 Roosevelt Avenue, Suite 102
        Indianapolis, Indiana 46201
        Phone: (317) 237-0500
        Fax: (630) 630-2790
        mgiordano@lewiswagner.com
        eabel@lewiswagner.com
        *Counsel for Plaintiff, SECURA Insurance, A Mutual Company*